Katsikoumbas v Katsikoumbas (2025 NY Slip Op 00397)

Katsikoumbas v Katsikoumbas

2025 NY Slip Op 00397

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 805347/22 Appeal No. 3577 Case No. 2024-01192 

[*1]John Katsikoumbas, Stefanos Katsikoumbas et al., Plaintiffs-Appellants-Respondents,
v
Christina Katsikoumbas et al., Defendants-Respondents-Appellants.

Phillips Lytle LLP, Rochester (Chad W. Flansburg of counsel), for appellants-respondents.
KI Legal, New York (Konstantine G. Paschalidis of counsel), for respondents-appellants.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered January 22, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on their causes of action for declaratory judgment (first cause of action) and specific performance (second cause of action), granted so much of defendants' cross-motion for partial summary judgment as sought dismissal of the complaint, denied so much of defendants' cross-motion as sought summary judgment on its second counterclaim for a declaratory judgment, and sua sponte dismissed that counterclaim, unanimously modified, on the law, to grant plaintiffs' motion for summary judgment on their cause of action for a declaratory judgment and declare that paragraph 3(b) of the parties' agreement requires the consent of either plaintiffs or Christina Katsikoumbas, but not necessarily both, to deny defendants' cross-motion insofar as it sought dismissal of the complaint and reinstate the complaint, and to reinstate defendants' second counterclaim, and otherwise affirmed, without costs.
In this shareholder dispute, defendant Epiros LLC is owned 49% by plaintiffs and 51% by defendant Christina, and its sole asset is a building located at 189-193 West 231st Street in the Bronx. Paragraph 3(a) of the parties' member agreement states that "no . . . lease can be signed unless all parties have been notified in advance and consent is given by a 66% vote by the members. " Paragraph 3(b) of the agreement specifies the conditions governing a situation in which either party wishes to sell its interest in the LLC. That paragraph states, "if either the majority party [that is, Christina] or minority party [that is, plaintiffs], wishes to [sell] its interest in the LLC, such offer to sell shall be made only to the other party"; if the party does not accept the purchase offer within 30 days and the parties cannot agree on who should buy the interest and on a price, "then[] all parties agree to sell the building to a third party."
Supreme Court should have granted plaintiffs' motion for summary judgment as to their first cause of action seeking a declaratory judgment regarding the interpretation of paragraph 3(b). Based on the agreement's plain language, either plaintiffs or Christina are entitled to require the sale of either the building or the party's interest in Epiros. Thus, as long as "either" Christina "or" plaintiffs "wishes to sell[]" its interest, a process is triggered whereby the party wishing to sell must make an offer. Nothing in the paragraph's text requires both parties to agree on a sale of Epiros's shares as a precondition for the sale of the building.
Nor does paragraph 3(b) require any agreement by both parties to sell their shares. In particular, the second "condition" — that the parties cannot agree as to who should buy the interest of the other — does not require that the parties had agreed, at some earlier time, on a sale of Epiros's shares. An implied requirement [*2]that both parties agree to sell their shares cannot be harmonized with the triggering condition that "if either the majority party . . . or minority party . . . wishes to [sell] its interest."
For the same reasons, Supreme Court should have denied defendants' cross-motion seeking dismissal of the complaint.
As to paragraph 3(a) of the membership agreement, that provision is ambiguous as to whether it requires a 66% vote to enter into lease renewals and modifications. The parties' course of conduct does not resolve this ambiguity as a matter of law. Accordingly, it was improper for Supreme Court to deny defendants' cross-motion for summary judgment on its second counterclaim for a declaratory judgment and sua sponte dismiss that counterclaim.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025